UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-102-JHM

BILLY JO BRYAN
by Velma Darlene Bryan                                                                            PLAINTIFF

V.

GATES RUBBER COMPANY                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Gates Rubber Company, for judgment on the pleadings, or in the alternative, to dismiss. [DN 11] Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff, Billy Jo Bryan, worked for Defendant, Gates Rubber Company, in Elizabethtown, Kentucky, from 1975 to 1999. The Complaint alleges Gates manufactured products with the use of the chemical benzene. Plaintiff alleges that while employed at Gates, Bryan inhaled toxic chemical which caused him numerous illnesses, including bladder cancer. Bryan died on October 23, 2001. On January 12, 2016, Bryan's wife filed a complaint in Hardin Circuit Court alleging that Bryan's physical injuries and death were caused by his exposure to chemicals during his employment with Gates. On February 18, 2016, Gates removed this action from the Hardin Circuit Court to this Court. Gates now moves to dismiss the claims arguing that they are barred by the statute of limitations. On July 19, 2016, the Court ordered Plaintiff to supplement or revise her response to this motion by no later than August 18, 2016. (Order, DN 20). No supplemental or revised filings were filed.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings is weighed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Wee Care Child Center, Inc. v. Lumpkin, 680 F.3d 841, 846 (6th Cir. 2012). Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[ ]," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," id. at 678 (quoting Twombly, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," id. at 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

"'Under Kentucky law, a wrongful death claim may be brought only by an appointed estate representative, and the claim must be filed within one year of the representative's appointment and no later than two years after the decedent's death.'" Booker v. Gates Rubber Company, Inc., 2016 WL 6603943, *1 (W.D. Ky. Nov. 7, 2016)(quoting Moody v. Cooper

Indus., Inc., 2006 WL 1207703, *2 (E.D. Ky. May 3, 2006)). "A personal representative of a decedent who was injured by a tortious act of another and later dies from those injuries, may 'recover in the same action for both wrongful death of the decedent and for the personal injuries from which the decedent suffered prior to death.'" Booker, 2016 WL 6603943, *1 (quoting KRS § 411.133).

In the present case, Plaintiff seeks damages for pain and suffering, physical injury, medical expenses, lost wages, wrongful death, and punitive damages, which constitute claims for personal injury and wrongful death. The death certificate states Bryan died on October 23, 2001, which was over 14 years before this action was brought in Hardin Circuit Court by his personal representative. "This is well outside of the maximum limitations period of two years after the date of death that Kentucky law provides for wrongful death claims." Id. Furthermore, "KRS 413.180 provides a maximum period of two years after the date of death for a personal representative to bring a personal injury claim," id., and Bryan's claims were not brought until January 2016. Therefore, Plaintiff's claims are time-barred.

In response to Defendant's motion, Plaintiff argues that KRS § 342.316 should govern this cause of action because KRS § 342.316 is the statute regarding "radiation diseases and asbestos and related chemicals." "While KRS 342.316 does provide a statute of limitations for actions arising under the statute, KRS 342.316 governs claims brought under the Kentucky Worker's Compensation Act." Booker, 2016 WL 6603943, *2. Plaintiff's claims were not asserted under the Worker's Compensation Act; therefore, KRS § 342.316 does not apply.

Furthermore, just as in Booker, "even if KRS 342.316 were to apply, Plaintiff's claims would still be time-barred as KRS 342.316 requires claims to be brought within 'five (5) years from the last injurious exposure to the occupational hazard, except that, in cases of radiation

3

disease or asbestos-related disease, a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.'" Booker, 2016 WL 6603943, *2 (quoting KRS §342.316(4)(a)). Here, Bryan's employment with Gates ceased in 1999. Accordingly, his last "injurious exposure to the occupational hazard" is outside of the five-year statute of limitations of KRS § 342.316. Likewise, Plaintiff does not allege in the complaint that Bryan suffered from radiation or asbestos-related diseases which extends the time for filing a workers' compensation claim. See Booker, 2016 WL 6603943, *2. Given these reasons, the Court finds that Plaintiff's claims against the Defendant are untimely and barred by the statute of limitations.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Gates Rubber Company, for judgment on the pleadings, or in the alternative, to dismiss [DN 11] is **GRANTED**. A judgment will be entered consistent with this opinion.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

November 21, 2016